Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of

Division

|  |  |  |
|---|---|---|
| | Case No. | 5:25-cv-14062-MGL-SVH |
| JAMES C. BROWNING | | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | | |
| *(Write the full name of each plaintiff who is filing this complaint.* | | Jury Trial: *(check one)* ☒ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | | |
| *please write "see attached" in the space and attach an additional* | | |
| *page with the full list of names.)* | | |
| -v- | | |
| Caradas Group, LLC, Car ADAS Solutions, LLC, Greg Peeters, Scott Krohn, Jon Shaw, Jody Lynn Peeters | | |
| *Defendant(s)* | | |
| *(Write the full name of each defendant who is being sued. If the* | | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JAMES C. BROWNING |
| Street Address | 170 CHILDRENS LANE |
| City and County | BOWMAN |
| State and Zip Code | SC, 29018 |
| Telephone Number | (843) 864-8807 |
| E-mail Address | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | GREG PEETERS |
| Job or Title *(if known)* | CEO |
| Street Address | 173 SOUTH 1525 WEST |
| City and County | FARMINGTON, DAVIS COUNTY |
| State and Zip Code | UT, 84025 |
| Telephone Number | (303) 596-9533 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | SCOTT KROHN |
| Job or Title *(if known)* | CBO |
| Street Address | 20625 BAYVIEW COURT |
| City and County | EXCELSIOR,HENNEPIN |
| State and Zip Code | MN, 55331 |
| Telephone Number | (612) 807-8087 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | JON SHAW |
| Job or Title *(if known)* | CFO |
| Street Address | 2188 S 2040 W |
| City and County | WOODS CROSS, DAVIS COUNTY |
| State and Zip Code | UT, 84087 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | JODY LYNN PEETERS |
| Job or Title *(if known)* | |
| Street Address | 173 SOUTH 1525 WEST |
| City and County | FARMINGTON, DAVIS COUNTY |
| State and Zip Code | UT, 84025 |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. § 1332

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)*  James C. Browning _____ , is a citizen of the State of *(name)*  South Carolina _____ .

b.   If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. Or is a citizen of
*(foreign nation)* _____.

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under
the laws of the State of *(name)* _____, and has its
principal place of business in the State of *(name)* _____.
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal
arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            12/31/2025

Signature of Plaintiff

Printed Name of Plaintiff        James C Browning

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Defendant No. 5 Name: Car ADAS LLC_____

Job or Title _____

(if known) Street Address: _305 W 2880 S_____

City and County: South Salt Lake/Salt Lake _____

State and Zip Code: Utah 84115_____

Telephone Number: 801.810.1150 _____

Defendant No. 2 Name: Car ADAS Solutions LLC_____

Job or Title _____

(if known) Street Address: 305 W 2880 S _____

City and County: South Salt Lake/Salt Lake _____

State and Zip Code: Utah 84115_____

Telephone Number: 801.810.1150 _____

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
SOUTH CAROLINA

James C. Browning,

                      Plaintiff,

                    -against-

Caradas Group, LLC, Car ADAS Solutions,
LLC, Greg Peeters, Scott Krohn, Jon Shaw,
Jody Lynn Peeters

                    Defendants.

CASE NO.: _____

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between

citizens of different states.

Plaintiff JAMES C. BROWNING ("Plaintiff" or "Mr. Browning"), as and for his Complaint against CARADAS GROUP, LLC, CAR ADAS SOLUTIONS, LLC and GREG PEETERS ("Peeters"), SCOTT KROHN ("Krohn"), JON SHAW ("Shaw"), and JODY LYNN PEETERS ("Jody") (collectively, "Car ADAS" or "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## PARTIES AND DIVERSITY OF CITIZENSHIP

1.      Plaintiff, James C. Browning, is a citizen and resident of Orangeburg County, South Carolina.

2.      Upon information and belief, Defendant Greg Peeters is a citizen of Utah and resides in Davis County.

3.      Upon information and belief, Defendant Scott Krohn is a citizen of Minnesota and resides in Hennepin.

4.      Upon information and belief, Defendant Jon Shaw is a citizen of Utah and resides in Davis County.

5.      Upon information and belief, Defendant Jody Lynn Peeters is a citizen of Utah and resides in Davis County.

6.      Upon information and belief, Defendant Caradas Group, LLC is a corporation incorporated in Utah with principal place of business in Salt Lake City, Utah.

7.      Upon information and belief, Defendant Car ADAS Solutions, LLC is a corporation incorporated in Utah with principal place of business in Salt Lake City, Utah.

8.      Upon information and belief, no Defendant shares Plaintiff's citizenship.

9.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper under 28 U.S.C. §1332 (diversity of citizenship): Plaintiff is a South Carolina citizen, all defendants are Utah citizens, and the amount in controversy exceeds $75,000.

11.     Venue is proper in the District of South Carolina under 28 U.S.C. §1391(b) because Plaintiff resides in South Carolina and seeks relief there.

12.     Choice of law: Utah law governs the corporate, shareholder, and employment claims.

13.     This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by:

  i.    **Wrongful termination and retaliation**, where Defendants terminated Plaintiff in wrongful manner;

  ii.   **Breach of contract**, including failure to pay owed salary, bonuses, and shareholder distributions pursuant to employment agreements and equity arrangements;

  iii.  **Breach of fiduciary duties**, where Defendants, as controlling shareholders and/or officers of Car ADAS, owed fiduciary duties to Plaintiff as a minority shareholder but engaged in self-dealing, exclusion from management, and failure to honor shareholder agreements;

iv.  **Unjust enrichment**, arising from Defendants' retention of salary, bonuses, and equity that rightfully belonged to Plaintiff;

v.  **Fraud and fraudulent inducement**, including knowingly false representations regarding continued employment, compensation, equity ownership, and protection from retaliation, upon which Plaintiff reasonably relied;

vi.  **Slander Libel:** (v). Defamation (Slander and Libel), including false and defamatory statements of fact concerning Plaintiff's honesty, professional competence, and conduct, made to third parties with knowledge of falsity or reckless disregard for the truth, causing reputational harm, loss of employment opportunities, and economic damages;

vii.  **Minority shareholder oppression and rights violations** under Utah Code §16-10a-1430, where Defendants engaged in conduct that was oppressive, unfairly prejudicial, and inequitable to Plaintiff, including dilution of shares without proper notice, exclusion from corporate decisions, and retaliation for asserting shareholder rights;

viii.  **Enforcement of minority shareholder rights** under Utah Code §16-10a-1902, through which Plaintiff seeks equitable relief,

including a court-ordered buyout of shares at fair value, to remedy Defendants' oppressive conduct; and

ix. **any other violations that can be inferred from the facts set forth herein.**

As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic harm, lost compensation, lost equity value, emotional distress, damage to his reputation, and other damages, and seeks all relief available under applicable law, including compensatory, consequential, and punitive damages, as well as injunctive and equitable relief.

## PRELIMINARY STATEMENT

14.     Co-founding Car ADAS was a professional milestone for Plaintiff. That opportunity quickly turned into a nightmare when Plaintiff was subjected to sexual assault and wrongful termination.

15.     Car ADAS has historically been controlled by a small group of shareholders who have excluded the Plaintiff from meaningful participation in corporate management and decision-making; continue owning shares, voting rights, entitlement to dividends, access to company records. Defendants have used their majority control to advance their personal interests at the expense of Plaintiff's contractual and equitable rights.

16.     Plaintiff's attempts to assert his rights — as a minority shareholder — were met with retaliation. Defendants deliberately deprived Plaintiff of salary, bonuses, and equity distributions

owed under employment and shareholder agreements, while simultaneously promoting themselves and their affiliates.

17.    Defendants' actions included diluting Plaintiff's shares without proper notice or buyout, excluding Plaintiff from corporate decisions, and retaliating against Plaintiff for reporting misconduct, all in violation of Utah law and contractual obligations.

18.    Despite Plaintiff's repeated efforts to address these issues internally and assert his rights under employment agreements, shareholder agreements, and applicable Utah statutes, Defendants continued their oppressive and self-dealing conduct, causing Plaintiff financial harm, loss of ownership benefits, damage to his reputation, and emotional distress.

19.    Ultimately, Defendants' conduct not only violated Plaintiff's contractual and statutory rights under Utah Code §16-10a-1430 and §16-10a-1902, but also amounted to fraud, breach of fiduciary duty, and unjust enrichment, warranting equitable relief and compensatory, consequential, and punitive damages.

## **FACTUAL BACKGROUND**

### **PLAINTIFF'S EMPLOYMENT, ASSAULT, AND SHAREHOLDER EXPERIENCE**

20.    Both law firms/attorneys that have represented the Defendants have made factually inaccurate statements, misrepresenting the facts. In clear violation of codes - 48-3a-102(13), 48-3a-110, 48-3a-114(1).

21.    Prior to Plaintiffs employment:

a    In January of 2020, Peeters contacted Browning via multiple emails about a potential partnership. Browning and Peeters communicated via phone and email until Peeters arrived in Charleston, South Carolina to meet Browning in person and to inspect his facility. Peeters arrived on February 27, 2020, and departed on February 29, 2020. During this time the partnership conversation changes from an equipment and training role to a business partner and executive role in the company.

b    On February 29, 2020, Peeters emailed Browning stating, " I couldn't really consider anyone for a partnership, unless I could call that person a Friend. I truly believe you are that person. I look forward to great things!" Browning was granted access to Apartment No. 4422 on February 3, 2022.

c    On March 4, 2020, Browning started introducing Peeters to vendors. Browning would introduce Peeters to an entire network of industry vendors from software developers to the leading ADAS manufacturers and suppliers.

d    On March 9, 2020, Browning signs an NDA provided by Peeters.

e    On April 23, 2020, Peeters presents Browning with a detailed compensation value based on the number of businesses signed up.

f    On April 27, 2020, Peeters introduces Browning to the website developer as the person taking the lead in developing the website and as Peeters business partner.

g   On April 28, 2020, Peeters starts to receive calls from customers at the retail facility in Salt Lake City.

h   On April 28, 2020, Scott Krohn begins to actively participate in business decisions via group call with Browning and Peeters.

22.    Plaintiff was officially employed by Car ADAS in a senior executive role as the COO beginning on May 24, 2020, but started contributing to the company in January of 2020. Plaintiff's position carried significant responsibilities, came with a substantial salary, bonus structure, and equity grant.

23.    On June 5, 2020, Defendant asks Plaintiff to join him and his wife, Jody, on a boat ride and shortly before leaving for trip Defendant, Peeters, changed plans to only include himself and Browning into the mountains where the sexual assault took place.

24.    Peeters changed the name of company shortly after sexual assault without Browning's knowledge. Peeters conspired with Shaw to create a similar company with a similar name without Browning's knowledge violating the rules of the Founders and Operating Agreements.

25.    On June 15, 2020, Peeters filed a name change of Car ADAS, violating Section 11 of the Founder's Agreement. Defendant continues to claim the current business is a new business but still operates under the same website, domain name, phone number, email address, company logo, company colors, and trade name listed on the website.

26.    Plaintiff repeatedly asked for company financials and if the Salt Lake City location was part of the business he was a shareholder of. These requests went unanswered. Violating the

Founders Agreement and Operating Agreement. Plaintiff repeatedly sought to resolve these issues internally, including requesting video conference meetings with all partners, but was denied. Defendants continued their pattern of oppression, self-dealing, and retaliation.

27.    On August 20, 2020, Browning received a text from Peeters stating "Keep up the great work!"

28.    On August 31, 2020, Defendants wrongfully terminated Plaintiff. Defendants' actions were intentional and aimed at punishing Plaintiff for exercising protected rights and to prevent Plaintiff from pursuing compensation owed to him.

29.    Peeters continues to make false statements about Browning's personal and professional life, his position in the company, and stating he was not a shareholder in the company.

30.    At all relevant times, Plaintiff was owed a significant salary and bonus under his employment agreement, which Defendants failed to fully pay. Additionally, Plaintiff was granted equity in the company, which was never issued, paid out, or honored, despite Plaintiff performing all conditions required to earn such equity.

31.    As a minority shareholder, Plaintiff had specific rights under the company's shareholder agreements, including rights to distributions, voting, and buyouts in the event of oppressive conduct by controlling shareholders. Plaintiff attempted to exercise these rights but was blocked and ignored by Defendants, who leveraged their majority control to enrich themselves at Plaintiff's expense.

32.    Defendants engaged in oppressive conduct, including:

a   Dilution of Plaintiff's shares without notice, buyout, or consent;

b. Exclusion from participation in major corporate decisions and meetings;

c. Retaliation for asserting shareholder rights and reporting misconduct;

d. Misappropriation of distributions and equity to themselves and their affiliates.

33.   Defendants' conduct violated Plaintiff's rights under Utah Code §16-10a-1430, which protects minority shareholders from unfairly prejudicial and oppressive actions, and Utah Code §16-10a-1902, which provides a cause of action for shareholders injured by oppressive conduct and entitlement to a buyout at fair value.

34.   Plaintiff suffered substantial economic harm, including loss of salary, bonus, equity value, and distributions he was entitled to receive. Plaintiff also suffered reputational damage, emotional distress, and loss of professional opportunity as a result of Defendants' wrongful actions.

35.   The actions of Defendants were intentional, malicious, and conducted with conscious disregard of Plaintiff's legal and equitable rights, warranting compensatory, consequential, and punitive damages, as well as equitable relief, including of Plaintiff's shares at fair value.

## FOR A FIRST CAUSE OF ACTION
### (Wrongful Termination / Retaliation)

36.     That each and every allegation set forth in Paragraphs 1 – 35 above is incorporated herein as if set forth verbatim.

37.     No complaints were ever made about Browning's performance, knowledge of the industry, or work ethics during his time at the company.

38.     Defendant wrongfully terminated Plaintiff.

39.     Plaintiff suffered lost wages, lost dividends, lost bonuses, emotional distress, and other damages.


## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract (Salary & Equity))

40.     That each and every allegation set forth in Paragraphs 1 – 39 above is incorporated herein as if set forth verbatim.

41.     Defendant breached employment and equity agreements by failing to pay owed salary, bonuses, and shareholder distributions.

42.     Plaintiff suffered financial harm and lost expected ownership benefits.


## FOR A THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

43.     That each and every allegation set forth in Paragraphs 1 – 42 above is incorporated herein as if set forth verbatim.

44.     Defendant, as a controlling shareholder/officer, owed fiduciary duties to Plaintiff as a minority shareholder.

45.     Defendant breached these duties by self-dealing, excluding Plaintiff from management, and failing to honor shareholder agreements.


### FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

46.     That each and every allegation set forth in Paragraphs 1 – 45 above is incorporated herein as if set forth verbatim.

47.     Defendant was unjustly enriched by retaining Plaintiff's salary, bonus, and equity, causing economic loss to Plaintiff.


### FOR A FIFTH CAUSE OF ACTION
### (Fraudulent Misrepresentation/Fraud)

48.     That each and every allegation set forth in Paragraphs 1 – 47 above is incorporated herein as if set forth verbatim.

49.     Defendants knowingly made false representations of material fact to Plaintiff, including but not limited to promises regarding continued employment, salary, bonuses, equity ownership, and protection from retaliation.

50.     At the time these representations were made, Defendants knew they were false or made them with reckless disregard for their truth.

51.    Defendants intended that Plaintiff rely on these representations to remain employed.

52.    Plaintiff reasonably relied on Defendants' misrepresentations and omissions.

53.    As a direct and proximate result of Defendants' fraud, Plaintiff suffered substantial damages, including lost salary, lost equity value, and consequential damages.

54.    Defendants' conduct was willful, malicious, and in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.


## FOR A SIXTH CAUSE OF ACTION
### (Shareholder Oppression / Minority Shareholder Rights (Utah Code §16-10a-1430))

55.    That each and every allegation set forth in Paragraphs 1 – 54 above is incorporated herein as if set forth verbatim.

56.    Defendant engaged in conduct that was oppressive, unfairly prejudicial, and inequitable to Plaintiff as a minority shareholder.

57.    Plaintiff seeks equitable relief, including court-ordered buyout of shares, injunctive relief, and any other remedies deemed just under Utah Code §16-10a-1430.


## FOR A SEVENTH CAUSE OF ACTION
### (Minority Shareholder Rights Enforcement (Utah Code §16-10a-1902))

58.    That each and every allegation set forth in Paragraphs 1 – 57 above is incorporated herein as if set forth verbatim.

59.     Plaintiff is a shareholder of Car ADAS LLC, a closely held corporation, and has been injured by oppressive conduct perpetrated by Defendants.

60.     Defendant's conduct — including dilution of Plaintiff's shares, exclusion from corporate management, and withholding of promised equity — constitutes oppressive conduct under Utah Code §16-10a-1902.

61.     Under §16-10a-1902, Plaintiff is entitled to bring a private cause of action and request that the court order one or more of the following to purchase Plaintiff's shares at fair value: a. The closely held corporation; b. Any officer of the closely held corporation; c. Any director of the closely held corporation; or d. Any shareholder responsible for the oppressive conduct.

62.     Plaintiff seeks enforcement of his shareholder rights and equitable relief including mandatory buyout at fair value.

## DEMAND FOR A JURY TRIAL

63.     Pursuant to FRCP 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a) A judgment declaring that the practices complained of herein — including wrongful termination, retaliation, breach of contract, breach of fiduciary duty, fraud, unjust enrichment, and shareholder oppression — are unlawful and violate

Plaintiff's rights under applicable Utah law, including Utah Code §§16-10a-1430 and 16-10a-1902;

b)  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in any of the unlawful practices, policies, customs, or usages set forth herein;

c)  An order restraining Defendants from any retaliation against Plaintiff or witnesses for participating in this lawsuit in any form;

d)  Granting an award of compensatory damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages, including lost salary, unpaid bonuses, unpaid or improperly withheld equity, distributions, and other financial benefits Plaintiff would have received but for Defendants' unlawful conduct;

e)  Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress, mental anguish, and reputational harm caused by Defendants' actions;

f)  Granting an award of damages to be determined at trial to compensate Plaintiff for harm to his professional standing, loss of ownership value, and loss of career or business opportunities;

g) Granting an award of punitive damages, to the extent permitted by law, commensurate with Defendants' ability to pay, in order to punish and deter willful, malicious, and oppressive conduct;

h) Ordering equitable relief under Utah Code §§16-10a-1430 and 16-10a-1902, including a mandatory buyout of Plaintiff's shares at fair value, enforcement of minority shareholder rights, and any other relief necessary to remedy shareholder oppression;

i) Granting an award of reasonable for all costs and disbursements incurred in connection with this action, including expert witness fees;

j) Granting an award of pre-judgment and post-judgment interest as provided by law; and

k) Granting such other and further relief as this Court deems just and proper.

jamie@adaswarehouse.com

December 31, 2025
Bowman, South Carolina

**Pro Se**