IN THE UNITED STATES DISTRICT )
COURT FOR THE DISTRICT OF )
SOUTH CAROLINA )
)
)
)
James C. Browning, )         CASE NO.: 5:25-cv-14062-MGL-SVH
)
Plaintiff, )
)
)         **PLAINTIFF'S REPLY IN**
)
-against- )         **SUPPORT OF MOTION FOR**
)
)         **LEAVE TO FILE LIMITED**
)
Car ADAS Group, LLC f/k/a Caradas )         **SURREPLY (RE: ECF NO. 58)**
Group, LLC, Car ADAS Solutions, LLC, )
Greg Peeters, Scott Krohn, Jon Shaw, Jody )
Lynn Peeters )
Defendants. )
_____)

Plaintiff respectfully submits this brief and necessary Reply in support of his Motion for Leave to File Limited Surreply.

Defendants' opposition continues a pattern of mischaracterizing Plaintiff's position, recasting his limited request as something broader than it is, and relying on inaccurate or misleading characterizations of the record. This matters because Defendants' filings repeatedly ask the Court to resolve disputed issues against Plaintiff at the threshold stage, including issues bearing on the governing documents, arbitration, accrual, tolling, and Plaintiff's ability to evaluate and pursue his claims. Plaintiff does not seek a general "last word," a second full

opposition brief, or a procedural advantage. Plaintiff seeks leave only to correct a narrow and material mischaracterization: that Plaintiff's statement that the Founders Agreement was important somehow conceded that it is the sole controlling dispute-resolution document.

Defendants' opposition does not meaningfully address that narrow point. Instead, Defendants rely on the general proposition that surreplies are not automatic. Correct. Surreplies are not automatic. That is precisely why Plaintiff requested leave of Court. The issue is not whether Plaintiff is entitled to a surreply as of right; the issue is whether this limited surreply would assist the Court in evaluating Defendants' renewed Founders Agreement exclusivity argument.

Defendants' Reply did more than merely repeat the original motion. It took Plaintiff's statement that the Founders Agreement was an important document and recast it as if Plaintiff had conceded that the Founders Agreement is the sole controlling dispute-resolution document. Plaintiff made no such concession. Plaintiff's position is that the Founders Agreement is relevant, but not exclusive, and that the Operating Agreement, Utah LLC law, the parties' course of conduct, and disputed governance and financial records remain material to the arbitration analysis. Plaintiff's proposed surreply is limited to correcting that narrow issue.

Defendants also argue that the Local Rules do not expressly provide for surreplies. Plaintiff does not dispute that the Local Rules do not create an automatic right to a surreply. But the Local Rules do not prohibit a party from seeking leave of Court to file a limited surreply where fairness and a complete record warrant it. Plaintiff's request is narrow, targeted, and tied to Defendants' Reply framing of the Founders Agreement as the exclusive controlling dispute-resolution document.

If the Court concludes that no surreply is necessary, Plaintiff respectfully requests that the Court disregard any new or expanded characterization in Defendants' Reply suggesting that Plaintiff conceded the Founders Agreement is the exclusive governing dispute-resolution document. Plaintiff made no such concession. Plaintiff has consistently maintained that the Founders Agreement is relevant, but not exclusive, and that the Operating Agreement, Utah LLC law, course of conduct, member rights, governance records, and disputed authority to arbitrate are material to the arbitration analysis and any related threshold discovery issues.

Plaintiff does not object to Defendants receiving a limited opportunity to respond if the Court concludes that such a response is necessary. Plaintiff simply requests that the Court evaluate the arbitration issue on a complete and accurate record rather than on Defendants' disputed characterization of the governing documents. That complete record includes Plaintiff's position that Defendants' arbitration demand cannot be resolved on the Founders Agreement alone, particularly where Plaintiff disputes Defendants' effort to separate arbitration from the Operating Agreement, Utah LLC law, member rights, course of conduct, disputed authority to arbitrate, Plaintiff's allegations that Plaintiff contends implicate 9 U.S.C. § 402, and factual issues bearing on enforceability, including whether the proposed mediation/arbitration process would be prohibitively expensive or inaccessible to Plaintiff. Plaintiff further contends that the accessibility issue is not speculative, given Plaintiff's in forma pauperis status and recorded statements by Defendant Peeters acknowledging Plaintiff's lack of financial resources.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Limited Surreply.

**{Page Intentionally Left Blank}**

Respectfully submitted,

James C. Browning

Plaintiff, Pro Se
170 Childrens Lane
Bowman, SC 29018

Date: 7/7/26